**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TONY B. MARKS,

Defendant-Appellant.

No. 96-3351
(D.C. No. 96-CR-40008-ALL)
(D. Kansas)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, LOGAN, and BRISCOE, Circuit Judges.

---

Defendant Tony B. Marks appeals from the sentence imposed after he pleaded guilty to six counts of distribution of cocaine base, one count of distribution of cocaine, and one count of conspiracy to distribute cocaine base, all in violation of 21 U.S.C. §§ 846 and 841(a)(1). Defendant received a seventy-month sentence followed by four years of supervised release. On appeal he asserts that the government did not establish by a preponderance of the evidence that the cocaine base involved in the six distribution

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counts was crack cocaine,[1] and thus he should be resentenced calculating his offense as if for cocaine.

The government must prove by a preponderance of the evidence the facts supporting the sentence. United States v. Cruz, 58 F.3d 550, 555 (10th Cir. 1995). We review the district court's fact finding for clear error, United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995), and its application of the Sentencing Guidelines de novo, United States v. Edgin, 92 F.3d 1044, 1047 (10th Cir. 1996), cert. denied, 117 S. Ct. 714 (1997).

Defendant correctly points out that not all cocaine base is crack for purposes of the heightened penalty under USSG § 2D1.1(c). He contends that Note (D) to that subsection requires the government to establish that the samples contained sodium bicarbonate in order to prove they were crack, and that it failed to do so.

Section 2D1.1(c), Note (D) reads: "'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." The sentencing commission added this language as amendment 487, effective November 1, 1993, to explain that forms of cocaine base which do not qualify under this definition should be treated under the Drug Quantity Table as cocaine and not as crack. See Kissick, 69 F.3d at 1052-53. We have acknowledged that

---

[1] Defendant also contends that the mandatory statutory minimum sentence of five years does not apply. Because of our decision regarding the crack issue we do not address this argument.

under amendment 487 cocaine base is defined narrowly to include only crack for sentencing purposes. Id. at 1053.

The government's evidence was sufficient to establish by a preponderance of the evidence that defendant possessed crack cocaine. The government witnesses differed as to whether all forms of cocaine base were crack, but both scientists identified the drugs they tested as crack.[2] The arresting officer described the substances seized as off-white, hard and rock-like, and identified the samples as crack cocaine, differentiating them from the cocaine powder also seized from defendant.

Defendant contends that this is not enough, citing and relying on United States v. James, 78 F.3d 851 (3d Cir.), cert. denied, 117 S. Ct. 128 (1996). In James, however, the government offered no evidence that the type of cocaine base the defendant possessed was crack cocaine as described in § 2D1.1(c). The defendant's expert there contrasted

---

[2] At defendant's sentencing hearing the government presented testimony by two forensic scientists, James Schieferecke, Jr. and Stanley Heffley, who had each analyzed three of the six drug samples supporting the distribution counts. Schieferecke testified that a hexane dissolving test indicated the samples contained cocaine base. He said cocaine base was the chemical term for the drug samples that he identified as crack cocaine. Schieferecke further testified that sodium bicarbonate is commonly used to convert cocaine hydrochloride to cocaine base, but that other alkaline substances can be used in the conversion process, yielding crack cocaine.

Heffley testified that the three samples he analyzed were also crack cocaine, the street name for cocaine base. He also stated that several alkaline substances can produce cocaine base, or crack. He testified that not all methods of producing cocaine base produce the chunky off-white substance at issue here, but that the methods used to produce crack cocaine do.

cocaine base with cocaine hydrochloride. Although at the plea colloquy James assented to the government's reference to the drugs as crack, this possible admission was deemed insufficient to meet the preponderance of the evidence standard. Id. at 856.

The forensic scientists' failure to test the samples in the instant case for the presence of sodium bicarbonate is not dispositive. The Guidelines state only that crack is "usually" processed with sodium bicarbonate. Defendant's argument ignores the qualifier "usually" in the commentary, which is consistent with the scientists' testimony that not all crack cocaine is processed with sodium bicarbonate. The government need not prove the presence of that substance before § 2D1.1(c) applies. The Commission's reference to sodium bicarbonate is merely an example. See United States v. Tolson, 935 F. Supp. 17, 22-23 (D.D.C. 1996) (also distinguishing James). The Guidelines amendment identified one type of cocaine base intended to be excluded from treatment as crack: "coca paste, an intermediate step in the processing of coca leaves into cocaine hydrochloride, scientifically is a base form of cocaine, but it is not crack." USSG App. C, Amend. 487. The government's testimony in the case before us was to the effect the cocaine base distributed and tested here was not in any intermediate processing stage, but was in its "street" form ready to be smoked by the purchaser.

We are satisfied that the government proved by a preponderance of the evidence that the six drug samples supporting the distribution counts were crack as the district court found.

AFFIRMED.

Entered for the Court


James K. Logan
Circuit Judge